## 61069. COPELAND v. LEVINE.

QUILLIAN, Chief Judge.

Appellant appeals the dismissal of her complaint for failure to timely respond to appellee's interrogatories.

Appellant sued appellee alleging medical malpractice. Appellee filed interrogatories for appellant's response on August 13, 1979. Appellant did not answer the interrogatories and on October 19 appellee moved for an order dismissing appellant's complaint or to compel her to answer. On December 6, the trial court ordered appellant to answer or object to the interrogatories within 15 days or a motion to dismiss would be entertained. On December 18 appellant answered part of the interrogatories. On January 8, 1980 appellee again moved to dismiss because of appellant's failure to fully answer. On March 12 the trial court ordered appellant to fully answer within 10 days or her complaint would stand dismissed. On Monday, March 24, appellant filed the additional answers which were timely filed because the 10th day fell on a Saturday and Code Ann. § 81A-106 (a) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230) permits filing on the following Monday under such circumstances. On March 25 appellee again moved to dismiss for appellant's wilful failure to obey the March 12 order to file the additional answers within 10 days. In response to appellee's motion the trial court entered the following order:

"The within and foregoing Motion to Dismiss having been brought before this court by Defendant, and after reviewing all appropriate materials, IT IS HEREBY CONSIDERED, ORDERED and ADJUDGED that since Defendant's filing of his first interrogatories on August 13, 1979, Defendant has filed three motions to dismiss and this court has issued two orders requiring Plaintiff to respond to all the interrogatories, otherwise this court would authorize an appropriate sanction. Therefore, pursuant to Ga. Code Ann. § 81A-137, Plaintiff's complaint be and the same is hereby dismissed without prejudice."

It is obvious that the trial judge and appellee were under the mistaken impression that the answers were not timely filed. However, because the answers were timely filed under Code Ann. § 81A-106 (a), supra, the grant of appellee's motion to dismiss for failure to timely file the additional answers was error.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981.

*Ben W. Beazley,* for appellant.
*Kevin Greene, Dan Reinhardt,* for appellee.